THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| ANDERA LONG, JERMARIO GORDON, on behalf of themselves, and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) NATIONAL PLAN ADVISORS, INC., ) a/k/a AMERICAN HEALTH REFORM ) SOLUTIONS, LLC, a/k/a SYNERGY ) MARKETING ASSOCIATES, INC., ) a/k/a FLORIDA PLAN ADVISORS, INC.) ) Defendant. ) | CASE NO.:_____ JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Andera Long and Jermario Gordon, by and through their undersigned counsel, bring this collective action against Defendant, National Plan Advisors, Inc. (a/k/a Synergy Marketing Associates, Inc. d/b/a National Plan Advisors, Inc., and/or a/k/a American Health Reform Solutions, LLC and/or a/k/a Florida Plan Advisors, Inc.), for themselves and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant, National Plan Advisors, Inc. ("NPA") is a corporation conducting business in the State of Florida. Upon information and belief, the other entities named in the style of this complaint, are the same or related entities (e.g. parent, subsidiary, related, or d/b/a entities) of NPA, and are herein referred to collectively as "Defendant."

2. Plaintiff Long currently resides in Pembroke Pines, Florida.

3. Plaintiff Gordon currently resides in Miami, Florida.

4. At all times material to this action, Plaintiffs were employed by Defendant at its Fort Lauderdale, Florida locations (3403 Powerline Road, Ste. 805, Ft. Lauderdale, Florida 33309; 3403 NW 9th Avenue, Ste 805, Oakland Park, Florida 33309; 3215 NW 10th Terr. Ste 212/213, Fort Lauderdale, Florida 33309, and possibly other(s)). These addresses are within a five-minute walk of each other.

5. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and specifically the collective action provision of the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage and hour provisions of the FLSA by Defendant which has deprived Plaintiffs and others similarly situated to Plaintiffs of their lawful wages.

6. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has had a uniform policy and practice of consistently paying employees as independent contractors, even though these persons are, as a matter of economic reality, employees.

7. Defendant sells and markets health insurance plans, through its insurance agents and insurance agents like Plaintiffs (and all others similarly situated), to insureds/customers and prospective insureds/customers in Florida as well as all or most of the other U.S. States, including Georgia, Alabama, Texas, and Oklahoma.

8. Plaintiffs, like other similarly situated persons, were employed with Defendant in the position of "insurance agent." Defendant tasked insurance agents with calling and contacting persons throughout the United States and selling health insurance plans, including under the Affordable Care Act and for Medicare, including during the ACA's open enrollment periods.

9. Insurance agents, including Plaintiffs, were independent contractors in name only, including because Defendant, through its agents (like Gareth Rees, Mario Sanchez, Chris Hernandez and Carmel Sanchez), controlled the manner in which the insurance agents' work was to be performed, including requiring them to clock-in and clock-out each day.

10. Insurance agents, including Plaintiffs, were independent contractors in name only, including because insurance agents did not control their profit or loss based upon their skill level.

11. Insurance agents, including Plaintiffs, were independent contractors in name only, including because insurance agents invested little to none of their own monies in equipment materials or paying insurance agents' own employees.

12. Insurance agents, including Plaintiffs, were independent contractors in name only, including because there was no special skill required to complete the job of insurance agent.

13. Insurance agents, including Plaintiffs, were independent contractors in name only, including because the insurance agents were expected to be present at Defendant's offices every day of the working week (Monday-Friday and sometimes more, often in excess of 40-hours per week).

14. Insurance agents, including Plaintiffs, were independent contractors in name only, including because the insurance agents were economically dependent on the employment.

15. Insurance agents, including Plaintiffs, who were considered employees by Defendant also did not receive overtime compensation for all hours worked in excess of 40-hours per week, even though they also often worked in excess of 40-hours per week.

16. Insurance agents, like other employees and purported independent contractors (according to Defendant), engaged in work that involved interstate commerce, produced goods or

services for interstate commerce, and/or Defendant's enterprise/business overall, engaged in interstate commerce or was involved in interstate commerce.

17. Defendant engages in interstate commerce and has yearly gross sales of at least $500,000.00.

18. Whether styled or considered employee or independent contractor by Defendant, Plaintiffs and all other similarly situated insurance agents were, in reality, employees, and who were never paid any overtime and/or were not paid overtime at time-and-a-half for all hours worked in a given work-week in excess of forty (40) hours; particularly during enrollment periods under the ACA when insurance agents would work well in excess of 50 hours per week.

19. Plaintiffs and all other similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Florida, Broward Division, under 28 U.S.C. 1391(b) and 28 U.S.C. § 89(c).

21. Defendant is subject to personal jurisdiction in the State of Florida for purposes of this lawsuit.

22. At all times material to this action, Defendant was and is an enterprise(s) engaged in commerce or in the production of goods and/or services for commerce as defined by § 203(s)(1) of the FLSA.

23. At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by § 203(d) of the FLSA.

24. At all times material to this action, Plaintiffs and others similarly situated were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of the instant lawsuit.

25. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendant and all other similarly situated insurance agents who are or were covered by §§ 206 and 207 of the FLSA during their employment by Defendants.

26. At all times relevant to this action, Defendants employed Plaintiff Long in the capacity of insurance agent from October, 2017 through February, 2019.

27. At all times relevant to this action, Defendants employed Plaintiff Gordon in the capacity of insurance agent from August, 2018 through January, 2019.

28. Plaintiffs and all other similarly situated insurance agents were required to perform their duties without overtime compensation, including many weeks working over fifty hours during open enrollment for health insurance in October through December each year.

29. Defendant has intentionally failed and/or refused to pay Plaintiffs and other insurance agents overtime according to the provisions of the FLSA.

30. Defendant's systems and practices relating to its non-payment of overtime to insurance agents, which deprive the Plaintiffs of any FLSA overtime, have existed for at least three years through Defendant's businesses.

31. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA. Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

32. Defendant has intentionally and repeatedly misrepresented the true status of insurance agents as independent contractors/1099s to the insurance agents and the insurance agents' entitlement to overtime compensation, in order to avoid suspicion or inquiry by insurance agent-employees regarding their entitlement to monies owed to them. Plaintiffs, as well as all other similarly situated present and former employees, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations and Defendant's other attempts to shield itself from liability for overtime.

33. As result of the actions of Defendant in fraudulently concealing the true status of insurance agents as employees when performing overtime work under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least five (5) years. Defendants are estopped from raising such statute of limitations as a bar.

34. There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all insurance agents and former insurance agents of Defendant who have been employed (or suffered to permit work by Defendant and/or similarly situated via job duties of an insurance agent, however Defendant styled their job title) with Defendant and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

35. Further, Defendant has engaged in a wide-spread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees and former employees, and Plaintiffs have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

36. As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all other similarly situated employees, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

37. In addition to the amount of unpaid wages and benefits owed to the Plaintiffs and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U S.C. § 216(b) and prejudgment interest.

38. Defendant's actions in failing to compensate Plaintiffs, as well as all other similarly situated employees and former employees, in violation of the FLSA, were willful.

39. Defendant has not made a good faith effort to comply with the FLSA.

40. Plaintiffs, and all other similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

41. Plaintiffs, and all others similarly situated, have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this lawsuit for lost overtime and wages, back-pay, declaratory judgment, compensatory and punitive damages are their only means of securing adequate relief.

42. Plaintiffs, and all others similarly situated, are now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

43. Plaintiffs assert that there are many insurance agents, like them, who were unlawfully not paid overtime, who desire to opt-in to this lawsuit, and who are similarly situated with respect to their job requirements and pay.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

i. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

ii. Plaintiffs, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

iii. Plaintiffs and all other potential plaintiffs' be awarded reasonable attorneys' fees, including the costs and expenses of this action, and other relief as justice may require;

iv. Plaintiffs be provided such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

v. Enter an Order requiring Defendants to make Plaintiffs whole by awarding them front pay, lost wages (plus interest), liquidated, compensatory and punitive damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and

vi. Enter an Order requiring Defendant to make Plaintiffs (and perhaps others) whole, by awarding incentive awards or service payments consistent with Plaintiffs' (and likely some others) service and risk incurred during the course of this collective action litigation.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues when joined.

Respectfully submitted this 17th day of May, 2019.

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaw.com
Fla. Bar. No. 60859